**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF COLUMBIA**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | **Criminal No. 17-** |
| | : | |
| **v.** | : | |
| | : | **Violation:** |
| **JOHN THOMAS BURCH,** | : | **18 U.S.C. § 1343 (Wire Fraud)** |
| | : | |
| **Defendant.** | : | **Forfeiture:** |
| | : | **18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461;** |
| | : | **18 U.S.C. § 853(p)** |

**INFORMATION**

The United States Attorney informs the Court:

Case: 1:17-cr-00099
Assigned To : Judge Jackson, Ketanji Brown
Assign. Date : 5/25/2017
Description: INFORMATION A

**COUNT ONE**

**(WIRE FRAUD)**

**Introduction**

At all times material to this Information:

1. The defendant JOHN THOMAS BURCH was the president of the National Vietnam Veterans Foundation, Inc. ("NVVF").

2. NVVF was a nonprofit organization, incorporated in Washington, D.C. until 2016 when it was disbanded. NVVF solicited donations from the public representing that their mission was "to provide help and support for American Veterans and their families through the generosity of the American people."

3. The defendant JOHN THOMAS BURCH had unilateral control over the distribution of smaller grants, generally between $100 to $300, from the NVVF's "Emergency Assistance Program," which accounted for tens of thousands of dollars of the NVVF's operating

expenses annually during the years 2012 to 2016 and was spent by the defendant JOHN THOMAS BURCH with complete discretion and little oversight by NVVF's Board of Directors.

**The Scheme**

4. Between in or about 2012 and 2016, in the District of Columbia and elsewhere, the defendant JOHN THOMAS BURCH devised and intended to devise a scheme to defraud and to obtain money and property from NVVF and its donors by means of materially false and fraudulent pretenses, representations, and promises, as more fully described below.

**Purpose of the Scheme to Defraud**

5. It was a purpose of the scheme to defraud that the defendant JOHN THOMAS BURCH embezzled approximately $149,317 from NVVF by spending the charity's money on himself and those with whom he enjoyed a personal relationship.

**Manner and Means**

6. It was part of the scheme to defraud that the defendant JOHN THOMAS BURCH misappropriated portions of the donations to pay for food and lodging with no business purpose, and as repeated payments to women, who were engaged in personal relationships with him.

7. It was a further part of the scheme to defraud that the defendant JOHN THOMAS BURCH submitted expense reports claiming reimbursements for business lodging, travel, and meals, when in reality he spent the money in Baltimore, Maryland at clubs, hotels, and restaurants unrelated to NVVF business.

8. It was a further part of the scheme to defraud that the defendant JOHN THOMAS BURCH sent Emergency Assistance and scholarship payments via interstate Western Union funds

transfers from liquor stores in Washington, D.C. to Baltimore, Maryland.

9. On or about February 10, 2014, in the District of Columbia and elsewhere, the defendant JOHN THOMAS BURCH for the purpose of executing and attempting to execute the above-described scheme to defraud, did willfully cause to be transmitted by means of wire communication in interstate commerce from the District of Columbia certain writings, signals, and sounds, that is, Western Union wire transfer in an amount of $100, with $12 of fees, from a liquor store in the 1000 block of 18th Street, NW, Washington, D.C. to a pharmacy in Baltimore, Maryland, to pay a woman identified in these proceedings as Person A, who was not entitled to NVVF money and who had a personal relationship with the defendant.

**(Wire Fraud, in violation of Title 18, United States Code, Section 1343).**

**FORFEITURE ALLEGATION**

1. Upon conviction of the offense alleged in Count One, the defendant shall forfeit to the United States any property, real or personal, which constitutes or is derived from proceeds traceable to this offense, pursuant to 18 U.S.C. § 981(a)(1)(C) and 28 U.S.C. § 2461(c). The United States will also seek a forfeiture money judgment against the defendant in the amount of $75,000.

2. If any of the property described above as being subject to forfeiture, as a result of any act or omission of the defendant:

   a. cannot be located upon the exercise of due diligence;

   b. has been transferred or sold to, or deposited with, a third party;

   c. has been placed beyond the jurisdiction of the Court;

   d. has been substantially diminished in value; or

e. has been commingled with other property that cannot be divided without difficulty;

the defendant shall forfeit to the United States any other property of the defendant, up to the value of the property described above, pursuant to 21 U.S.C. § 853(p).

**(Criminal Forfeiture, pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 28, United Sates Code, Section 2461(c), and Title 21, United States Code, Section 853(p)).**

CHANNING D. PHILLIPS
United States Attorney
for the District of Columbia

By: [signature]

VIRGINIA CHEATHAM
Assistant United States Attorney
D.C. Bar # 411980
Virginia.cheatham@usdoj.gov
United States Attorney's Office
Fraud and Public Corruption Section
555 4th Street, N.W., Room 5836
Washington, D.C. 20530
(202) 252-7820